## FOLEY et al. v. PUNCHARD.

### (Supreme Court, Appellate Term. March 14, 1907.)

BROKERS—RIGHT TO COMPENSATION—EVIDENCE—SUFFICIENCY.

In an action by a broker for compensation for finding a purchaser for
defendant's real estate, evidence considered, and *held* insufficient to show
that plaintiff had any such connection with the sale as to entitle him to
compensation.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by John R. Foley and another against Henry Punchard.
Appeal by defendant from a judgment in favor of plaintiff. Reversed,
and new trial granted.

Argued before GILDERSLEEVE, P. J., and DAVIS and HEND-
RICK, JJ.

John A. & A. S. Mapes, for appellant.
Harris & Towne (Fancher Nicoll, of counsel), for respondents.

PER CURIAM. The plaintiffs brought this action to recover brok-
ers' commissions for bringing about the sale of defendant's property.
They recovered a judgment for $212.21, from which the defendant has
appealed.

There is really no question of law involved in the case. Although
the court decided the question of fact in favor of the plaintiffs, we
think that decision not warranted by the evidence. Most of the facts
are admitted. Defendant denies the employment of the plaintiffs as
his broker, and alleges that the sale was not brought about through the
plaintiffs. The defendant first met the purchaser, Mr. Goldstein, on
September 13, 1906, in defendant's store. The plaintiff John R. Foley
was with Goldstein. They came there together. It was the first time
defendant had seen plaintiff, Foley, and he had no previous acquaint-
ance or communication with him. Foley says that he introduced Gold-
stein to defendant; but defendant denies this, and asserts that Foley
said nothing until after the sale had been made. The plaintiff further
testified that he then told defendant that Goldstein was the man he
had who desired to buy the property. The plaintiff admits that prior
to this introduction he had never spoken to the defendant regarding
these premises. From plaintiff's own testimony it appears that Gold-
stein and the defendant did all the bargaining and arranged the terms
of the sale, except that he says he intervened and induced the de-
fendant to reduce the cash payment from $5,000 to $4,000. This,
however, is denied by the defendant. Plaintiff further testified that he
wrote the terms of sale on his business card, and gave one to defendant

and one to Goldstein as they were parting. This card was put in evidence. It has the following words written upon its back:

"Jacob Goldstein, 19000, 4000 cash, 8000 5/ — 7000 5/ 5 years—60 days clause. 1.30."

The court below considered that only a question of fact was presented for his decision. In his written opinion he says that the writing upon the card referred to above was really the determining factor in plaintiff's favor. In view of the lack of evidence in other parts of the testimony to establish the relation of broker and customer, we think too much importance was attached to the writing upon the card. We think the evidence shows rather that the plaintiff was representing Goldstein, if anybody. The giving of the cards to defendant and to Goldstein is perfectly consistent with that theory. Fowler et al. v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638.

We think this judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.